Robert ALLEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A-2864.

Court of Appeals of Alaska.

Oct. 25, 1989.

Michael S. Pettit, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Gayle L. Garrigues, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Robert Allen pled no contest to driving while license suspended (DWLS), AS 28.15.-291(a), preserving the right to appeal the denial of his motion to suppress the fruits of an alleged improper stop. *See Cooksey v. State,* 524 P.2d 1251 (Alaska 1974). The sole question on appeal is whether the investigatory stop of Allen's vehicle was proper based on information supplied to the police by an anonymous informant. We reverse.

At approximately 1:00 a.m. on July 17, 1988, an anonymous caller reported to the police that someone was selling drugs from a green 1972 Ford Suburban with a brown rear door in the "core" area of Fairbanks. The caller stated that the license plate number of the vehicle was Alaska BFF–812. This information was immediately relayed by radio to Fairbanks Police Officer Peggy Sullivan who observed a vehicle which matched the description at approximately 1:25 a.m. Sullivan pulled the vehicle over and learned that the driver, Allen, had a suspended operator's license. Allen's arrest for DWLS followed.

Allen moved to suppress, arguing that the stop was improper because the anonymous caller was not a reliable informant. In Allen's view, the informant provided insufficient details about the alleged drug sales which necessitated that the police corroborate the informant's accusation prior to making the stop. District Court Judge Christopher E. Zimmerman denied the motion to suppress. On appeal, Allen raises essentially the same arguments he raised below.

An investigatory stop may only be conducted where there are specific and articulable facts which create a reasonable suspicion that imminent public danger exists, or serious harm to persons or property has recently occurred. *Coleman v. State,* 553 P.2d 40, 46 (Alaska 1976); *State v. G.B.,* 769 P.2d 452 (Alaska App.1989); *Dionne v. State,* 766 P.2d 1181 (Alaska App.1989); *Smith v. State,* 756 P.2d 913 (Alaska App.1988); *Effenbeck v. State,* 700 P.2d 811, 812 (Alaska App.1985).

We recently addressed the *Coleman* rule in *G.B.,* where we concluded that a flexible test should be applied based on practical necessity, rather than a rigid standard of categorical exclusion. The imminence and nature of the danger presented by the conduct being investigated must be evaluated in light of (1) the strength of an officer's reasonable suspicion and (2) the actual intrusiveness of the investigative stop. 769 P.2d at 455–56. We cautioned that courts must be sensitive to the risk that a stop was a mere pretext to conduct a search for evidence. *Id.* at 456. We reasoned:

A given threat to public safety might not justify an investigative stop when the danger threatened is not immediate and when circumstances would permit additional efforts to obtain probable cause. As the danger becomes more immediate and the opportunity for additional investigation diminishes, the same threat might justify a stop based on reasonable suspicion alone.

*Id.*

A stop may be based upon an informant's tip, so long as there is reason to believe that the informant is credible and a

basis for concluding that the information provided by the informant was based on personal knowledge. *Dionne,* 766 P.2d at 1183–84.

The facts in *Dionne* and *Effenbeck* are distinguishable from those in Allen's case. In *Effenbeck,* the police had to act immediately to intercept a potential drunk driver. 700 P.2d at 812. Drunk drivers present an immediate risk of danger. *See Ebona v. State,* 577 P.2d 698, 701 (Alaska 1978). Also, the circumstances in *Dionne* and *Effenbeck* supported a finding that citizen informants were involved. *See Erickson v. State,* 507 P.2d 508, 517 (Alaska 1973) (where citizen provides information, there is less need to establish credibility of informant). In *Dionne,* the informant personally contacted the police and pointed out the alleged drunk driver. In *Effenbeck,* the informant called on a special line established to report drunk drivers and gave a sufficiently detailed report to suggest personal knowledge.

■ Applying these tests, we conclude that there was an insufficient basis for a stop in this case. First, the informant was completely anonymous, thus, there was no basis for determining whether the informant was a citizen acting from a sense of civic duty or a member of the criminal milieu acting from spite. Second, there was no imminent harm. There was nothing to suggest that the police could not have observed the subject's vehicle in order to corroborate some of the details of the informant's claim without endangering the public.

In summary, the credibility of the informant was not established, the record does not establish the basis for the informant's knowledge, and the circumstances did not prevent the police from delaying the stop to enable some corroboration of the informant's statements. The trial court erred in denying the motion to suppress.

The judgment of the superior court is REVERSED.